**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **DAVID M. DRISCOLL, JR., on behalf of himself and all others similarly situated,** | **CLASS ACTION** |
| **Plaintiff,** | **C. A. No. 07- 180ML** |
| **v.** | |
| **FAMILY DOLLAR STORES OF RHODE ISLAND, INC. and FAMILY DOLLAR HOLDINGS, INC.** | |
| **Defendants.** | |

**PLAINTIFF'S RULE 16 PRETRIAL CONFERENCE STATEMENT**

Pursuant to this Court's September 28, 2007 Notice of Pretrial Conference, Plaintiff, DAVID M. DRISCOLL, JR., on behalf of himself and all others similarly situated, submits this Pretrial Conference Statement.

On or about December 23, 2006, Plaintiff purchased goods from one of Defendants' retail stores. To pay for the goods, Plaintiff used his credit card. Following the transaction, Plaintiff received a receipt, which included the expiration date of his credit card.

Plaintiff brings this action individually and as a class action for Defendants' violation of section 1681c(g) of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All persons in the United States to whom, on or after December 4, 2006 and continuing through the resolution of this case, Defendants provided an electronically printed receipt at the point of sale or transaction on which Defendants printed more than the last five digits of the person's credit card or debit card number and/or printed the expiration date of the person's credit or debit card.

This is a consumer class action based upon Defendants' violation of section 1681c(g) of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, *as amended* (the "FCRA"). In 2003, the Fair and Accurate Credit Transactions Act ("FACTA") was enacted by Congress, and signed into law by President George W. Bush. One of FACTA's primary purposes was to amend the FCRA through the addition of identity theft protections for consumers.

One FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or debit account from a receipt which the consumer discarded or lost. Codified at 15 U.S.C. §1681c(g), this provision provides as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

FACTA gave companies a generous three-year cushion within which to comply with this Receipt Provision.

This section of the FCRA, like many others, was designed to combat the rising tide of identity theft experienced throughout the nation in recent years. It requires that companies which accept credit and debit cards restrict the information that they print on sales receipts. Such a practice, if followed, reduces an identity thief's ability to obtain valuable account information relating to a consumer. Despite the simple steps necessary to comply, and despite abundant notice, Defendants have simply chosen to ignore complying with the FCRA. As such, consumers who purchase goods and services from Defendants receive none of the benefits that section 1681c(g) was designed to confer, and are uniformly burdened with an elevated risk of identity theft.

Notwithstanding the fact that it has had over three years to comply, Defendants continued to issue receipts at the point of sale transactions which contained more than 5 digits from the credit card or account number or the expiration date, in direct violation of the Receipt Provision.

Notwithstanding the Receipt Provision, Defendants continued to deliberately, willfully, intentionally, recklessly and negligently violated FACTA by issuing receipts which did not comply with the FCRA.

Defendants' practice not only violates the law, it exacts harm by exposing consumers' sensitive account information and subjecting each affected consumer to an ongoing and elevated risk of becoming the victim of identity theft.

The principal question is whether the Defendants willfully violated section 1681c(g) of the FCRA by failing to provide consumers, who used their credit and debit cards in point of sale transaction(s) with Defendants, with electronically printed receipts that complied with the Receipt Provision.

Dated: OCTOBER 23, 2007

Respectfully Submitted,

By: /s/ Peter N. Wasylyk

**LAW OFFICES OF PETER N. WASYLYK**
Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, Rhode Island 02908
Telephone: (401) 831-7730
Facsimile: (401) 861-6064
E-Mail: pnwlaw@aol.com

**ADDITIONAL COUNSEL:**

**STANLEY, MANDEL & IOLA, LLP**
Marc R. Stanley
Roger L. Mandel
Martin Woodward
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205
Telephone: (214) 443-4300
Facsimile: (214)-443-0358

**DONOVAN SEARLES, LLC**
Michael D. Donovan
David A. Searles
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone: (215) 732-6067
Facsimile: (215) 732-8060

**LAW OFFICE OF ANDREW KIERSTEAD**
Andrew S. Kierstead
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: (508) 224-6246
Facsimile: (508) 224-4356

**FRANCIS & MAILMAN, P.C.**
James A. Francis
100 South Broad Street, 19th Floor
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

Attorneys for Plaintiff and the Class

# CERTIFICATE OF SERVICE

I, hereby certify that on October 23, 2007, a copy of the foregoing Rule 16 Pretrial Conference Statement was filed electronically with the clerk of the Court using the CM/EMF system, which will send notification of such filing to the following attorney of record at the E-mail affress listed below:

**Todd Reed**
Edward Angell Palmer& Dodge LLP
2800 Financial Plaza
Providence, RI 02903
Tel: 401-274-9200
Fax: 888-325-9223
E-Mail: treed@eapdlaw.com

/s/ Peter N. Wasylyk

**Peter N. Wasylyk**
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, Rhode Island 02908
Telephone: (401) 831-7730
Facsimile: (401) 861-6064
E-Mail: pnwlaw@aol.com