**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DAVID M. DRISCOLL, JR., on behalf of himself and all others similarly situated,** | ) | **CLASS ACTION** |
| **Plaintiff,** | ) | **C. A. No. 07-180-ML** |
| **v.** | ) | |
| **FAMILY DOLLAR STORES OF RHODE ISLAND, INC. and FAMILY DOLLAR HOLDINGS, INC.** | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

**MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT**

Pursuant to Rule 15 of the federal Rules of Civil Procedure, plaintiff, DAVID M. DRISCOLL, JR., on behalf of himself and all others similarly situated, respectfully submit to this Honorable Court his Motion For Leave To File First Amended Class Action Complaint. Attached hereto as Attachement "A" is the Plaintiff's proposed First Amended Class Action Complaint and Order.

In support of the Motion To Amend, Plaintiff is submitting concurrently herewith a Memorandum In Support Of Plaintiff's Motion For Leave To File First Amended Class Action Complaint.

Respectfully Submitted,

By: /s/ Peter N. Wasylyk

**LAW OFFICES OF PETER N. WASYLYK**
Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, Rhode Island 02908
Telephone: (401) 831-7730
Facsimile: (401) 861-6064

Dated: November 30, 2007

**ADDITIONAL COUNSEL:**

**STANLEY, MANDEL & IOLA, LLP**
Marc R. Stanley
Roger L. Mandel
Martin Woodward
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205
Telephone: (214) 443-4300
Facsimile: (214)-443-0358

**DONOVAN SEARLES, LLC**
Michael D. Donovan
David A. Searles
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone: (215) 732-6067
Facsimile: (215) 732-8060

**LAW OFFICE OF ANDREW KIERSTEAD**
Andrew S. Kierstead
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: (508) 224-6246
Facsimile: (508) 224-4356

**FRANCIS & MAILMAN, P.C.**
James A. Francis
100 South Broad Street, 19th Floor
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th. day of November, 2007, I electronically filed the foregoing PROPOSED FIRST AMENDED CLASS ACTION COMPLAINT with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney of record:

**Todd M. Reed**
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
274-9200
1-888-325-9223 (fax)
treed@eapdlaw.com

/s/ Peter N. Wasylyk

# Attachment "A"

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**DAVID M. DRISCOLL, JR., on behalf of himself and all others similarly situated,**

**Plaintiff,**

**v.**

**FAMILY DOLLAR STORES OF RHODE ISLAND, INC. and FAMILY DOLLAR HOLDINGS, INC.**

**Defendants.**

**CLASS ACTION**

**C. A. No. 07- 180-ML**

**JURY TRIAL DEMANDED**

## FIRST AMENDED CLASS ACTION COMPLAINT

### I. Parties

1. Plaintiff DAVID M. DRISCOLL, JR. (hereafter "Plaintiff") is an adult individual who resides in New York, New York.

2. Defendant FAMILY DOLLAR STORES OF RHODE ISLAND, INC. is a corporation organized and existing under the laws of the State of Rhode Island. Defendant FAMILY DOLLAR HOLDINGS, INC. is a corporation organized and existing under the laws of the State of Delaware.

3. Defendants FAMILY DOLLAR STORES OF RHODE ISLAND, INC and FAMILY DOLLAR HOLDINGS, INC. (hereafter collectively referred to as "Defendants") operate retail stores throughout the United States.

### II. Jurisdiction and Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III. Factual Allegations

### A. Introduction

6. This is a consumer class action based upon Defendants' violation of section 1681c(g) of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, *as amended* (the "FCRA"). This section of the FCRA, like many others, was designed to combat the rising tide of identity theft experienced throughout the nation in recent years. It requires that companies which accept credit and debit cards restrict the information that they print on sales receipts. Such a practice, if followed, reduces an identity thief's ability to obtain valuable account information relating to a consumer. Despite the simple steps necessary to comply, and despite abundant notice, Defendants have simply chosen to ignore complying with the FCRA. As such, consumers who purchase goods and services from Defendants receive none of the benefits that section 1681c(g) was designed to confer, and are uniformly burdened with an elevated risk of identity theft.

7. In 2003, the Fair and Accurate Credit Transactions Act ("FACTA") was enacted by Congress, and signed into law by President George W. Bush. One of FACTA's primary purposes was to amend the FCRA through the addition of identity theft protections for consumers.

8. One FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or debit account from a receipt which the consumer discarded or lost. Codified at 15 U.S.C. §1681c(g), this provision provides as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more

> than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

(This section shall hereafter be referred to as the "Receipt Provision.")

9. FACTA gave companies a generous three-year cushion within which to comply with the Receipt Provision.

### B. <u>Defendants' Practice</u>

10. Notwithstanding the fact that it has had over three years to comply, Defendants continue to issue receipts at the point of sale transactions which contain more than 5 digits from the credit card or account number or the expiration date, in direct violation of the Receipt Provision.

11. Notwithstanding the Receipt Provision, Defendants continue to deliberately, willfully, intentionally, recklessly and negligently violate FACTA by issuing receipts which do not comply with the FCRA.

12. Defendants' practice not only violates the law, it exacts harm by exposing consumers' sensitive account information and subjecting each affected consumer to an ongoing and elevated risk of becoming the victim of identity theft.

### C. <u>The Experience of The Representative Plaintiff</u>

13. On or about December 23, 2006, Plaintiff purchased goods from one of Defendants' retail stores located in the State of Rhode Island. To pay for the goods, Plaintiff used his credit/debit card. Following the transaction, Plaintiff received a receipt, which included the expiration date of his credit/debit card.

14. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

15. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## IV. Class Action Allegations

16. Plaintiff brings this action individually and as a class action for Defendants' violation of section 1681c(g) of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All persons in the State of Rhode Island who, on or after December 4, 2006 and continuing through the resolution of this case, made a credit card or debit card purchase at any of Defendants' stores located in the State of Rhode Island and whose electronically printed receipt from Defendants contained more than the last five digits of the person's credit card or debit card number and/or the expiration date of the person's credit or debit card (the "Class")..

17. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, Plaintiff avers upon information and belief that the Class numbers in the hundreds if not thousands, as referenced above.

18. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal question is whether the Defendants willfully violated section 1681c(g) of the FCRA by failing to provide consumers, who used their credit and debit cards in point of sale transaction(s) with Defendants, with electronically printed receipts that complied with the Receipt Provision.

19. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

20. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

21. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

22. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

23. Whether Defendants failed to comply with the Receipt Provision as detailed by 15 U.S.C. § 1681c(g) can be easily determined by a review of Defendants' policies and a ministerial inspection of Defendants' business records.

24. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small as the maximum statutory damages are limited to $1,000.00 under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendants' records.

## V. Claims

## **Count One - FCRA**

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. Title 15 U.S.C. §1681c(g) states as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

This section applies to any "device that electronically prints receipts" (hereafter "Devices") for point of sale transactions. 15 U.S.C. §1681c(g)(3).

27. Defendants employ the use of said Devices for point of sale transactions at its retail locations.

28. On or after December 4, 2006, at the retail locations of Defendants, Plaintiff and members of the Class were provided receipt(s) by Defendants that failed to comply with the Receipt Provision.

29. Defendants were aware, on or before December 4, 2006, of both the Receipt Provision as well as the need to comply with said provision.

30. In anticipation of the December 4, 2006 deadline, many credit card companies, including but not limited to VISA and MasterCard, advised companies of the need for compliance with the Receipt Provision. Additionally, many credit card companies, such as VISA and MasterCard, implemented policies well in advance of the December 4, 2006 deadline, to ensure the compliance with the Receipt Provision, by themselves, as well as that of their customers.

31. Also in anticipation of the December 4, 2006 deadline and the Receipt Provision, the majority of Defendants' peers and competitors took the necessary steps to bring their business practices in line with FACTA.

32. Notwithstanding the three year cushion to prepare for FACTA and its accompanying provisions, including but not limited to the Receipt Provision; knowledge of the Receipt Provision and FACTA as a whole; the repeated reminders of FACTA and its accompanying provisions; and the actions of Defendants' peers and competitors, Defendants knowingly, willfully, intentionally, and recklessly violated and continue to violate the FCRA and the Receipt Provision. In turn, Plaintiff and members of the Class continue to be exposed to an elevated risk of identity theft.

33. As a result of Defendants' willful violations of the FCRA, Defendants are liable to Plaintiff and members of the Class pursuant to 15 U.S.C. § 1681n.

## VI. JURY TRIAL DEMAND

34. Plaintiff demands trial by jury as to all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in favor of himself and the Class for the following relief:

(a) An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) Statutory damages for willful violation of the FCRA in an amount between $100.00 and $1000.00 per Class member;

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n of the FCRA;

(d) An order enjoining Defendants from continuing to violate the Receipt Provision;

(e) An order directing Defendants to hereafter electronically print receipts from point of sales transactions in compliance with 15 U.S.C. § 1681c(g); and

(f) Such other and further relief as may be necessary, just and proper.

Dated: November 30, 2007

Respectfully Submitted,

By: <u>/s/ Peter N. Wasylyk</u>

**LAW OFFICES OF PETER N. WASYLYK**
Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, Rhode Island 02908
Telephone: (401) 831-7730
Facsimile: (401) 861-6064

**ADDITIONAL COUNSEL:**

**STANLEY, MANDEL & IOLA, LLP**
Marc R. Stanley
Roger L. Mandel
Martin Woodward
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205
Telephone: (214) 443-4300
Facsimile: (214)-443-0358

**DONOVAN SEARLES, LLC**
Michael D. Donovan
David A. Searles
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone: (215) 732-6067
Facsimile: (215) 732-8060

**LAW OFFICE OF ANDREW KIERSTEAD**
Andrew S. Kierstead
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: (508) 224-6246
Facsimile: (508) 224-4356

**FRANCIS & MAILMAN, P.C.**
James A. Francis
100 South Broad Street, 19th Floor
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th. day of November, 2007, I electronically filed the foregoing PROPOSED FIRST AMENDED CLASS ACTION COMPLAINT with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney of record:

**Todd M. Reed**
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
274-9200
1-888-325-9223 (fax)
treed@eapdlaw.com

/s/ Peter N. Wasylyk

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **DAVID M. DRISCOLL, JR.,**<br>**on behalf of himself and all**<br>**others similarly situated,** | **CLASS ACTION** |
| **Plaintiff,** | **C. A. No. 07-180-ML** |
| **v.** | |
| **FAMILY DOLLAR STORES OF**<br>**RHODE ISLAND, INC. and**<br>**FAMILY DOLLAR HOLDINGS, INC.** | |
| **Defendant.** | **JURY TRIAL DEMANDED** |

**ORDER**

The foregoing Plaintiff's Leave to file FIRST AMENDED CLASS ACTION COMPLAINT is hereby granted.

**ENTER:** **BY ORDER:**

____________________ ____________________

**Lisi, J.** **Clerk**

**Dated:** ____________________

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th. day of November, 2007, I electronically filed the foregoing PROPOSED ORDER GRANTING LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney of record:

**Todd M. Reed**
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
274-9200
1-888-325-9223 (fax)
treed@eapdlaw.com

/s/ Peter N. Wasylyk