UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID M. DRISCOLL, JR., on behalf of himself and all others similarly situated, | ) | |
| Plaintiff, | ) | **CLASS ACTION** |
| v. | ) | C. A. No. 07-180ML |
| FAMILY DOLLAR STORES OF RHODE ISLAND, INC. and FAMILY DOLLAR HOLDINGS, INC., | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Defendants Family Dollar Stores of Rhode Island, Inc., and Family Dollar Holdings, Inc. (collectively, "Defendants"), hereby submit their Answer And Affirmative Defenses to the First Amended Class Action Complaint ("Amended Complaint") filed by the plaintiff, David M. Driscoll, Jr. ("Plaintiff"), as follows:

## I. Parties

1. Plaintiff DAVID M. DRISCOLL, JR. (hereafter "Plaintiff") is an adult individual who resides in New York, New York.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Amended Complaint and, therefore, deny the same.

2. Defendant FAMILY DOLLAR STORES OF RHODE ISLAND, INC. is a corporation organized and existing under the laws of the State of Rhode Island. Defendant FAMILY DOLLAR HOLDINGS, INC. is a corporation organized and existing under the laws of the State of Delaware.

**ANSWER:** Defendants admit that FAMILY DOLLAR STORES OF RHODE ISLAND, INC., is a corporation organized and existing under the laws of the State of Rhode Island. Defendants deny the remaining allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

3. Defendants FAMILY DOLLAR STORES OF RHODE ISLAND, INC. and FAMILY DOLLAR HOLDINGS, INC. (hereafter collectively referred to as "Defendants") operate retail stores throughout the United States.

**ANSWER:** Defendants admit that FAMILY DOLLAR STORES OF RHODE ISLAND, INC., operates retail stores throughout Rhode Island. Defendants deny the remaining allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

## II. Jurisdiction and Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

**ANSWER:** Defendants admit the allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** Defendants admit the allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

## III. Factual Allegations

### A. Introduction

6. This is a consumer class action based upon Defendants' violation of section 1682c(g) of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq., as amended* (the "FCRA"). This section of the FCRA, like many others, was designed to combat the rising tide of identity theft experienced throughout the nation in recent years. It requires that companies which accept credit and debit cards restrict the information that they print on sales receipts. Such a practice, if followed, reduces an identify thief's ability to obtain valuable account information relating to a consumer. Despite the simple steps necessary to comply, and despite abundant notice, Defendants have simply chosen to ignore complying with the FCRA. As such, consumers who purchase goods and services from Defendants receive none of the benefits that section 1681c(g) was designed to confer, and are uniformly burdened with an elevated risk of identity theft.

**ANSWER:** Defendants deny the first, fifth, and sixth sentences contained in paragraph 6 of Plaintiff's Amended Complaint. Defendants admit that certain provisions of the FCRA are designed to prevent identity theft and that the FCRA puts certain restrictions on the type of information that companies can print on credit and debit card receipts. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of Plaintiff's Amended Complaint and, therefore, deny the same.

7. In 2003, the Fair and Accurate Credit Transactions Act ("FACTA") was enacted by Congress, and signed into law by President George W. Bush. One of FACTA's primary purposes was to amend the FCRA through the addition of identity theft protections for consumers.

**ANSWER:** Defendants admit the allegations contained in the first sentence of paragraph 7 of Plaintiff's Amended Complaint. Defendants further admit that FACTA amended the FCRA to provide consumers with identity theft protections. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of Plaintiff's Amended Complaint and, therefore, deny the same.

8. One FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or debit account from a receipt which the consumer discarded or lost. Codified at 15 U.S.C. §1681c(g), this provision provides as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

(This section shall hereafter be referred to as the "Receipt Provision.")

**ANSWER:** Defendants admit that the text of 15 U.S.C. § 1681c(g) is accurately cited in the second sentence in paragraph 8 of Plaintiff's Amended Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 8 of Plaintiff's Amended Complaint and, therefore, deny the same.

9. FACTA gave companies a generous three-year cushion within which to comply with the Receipt Provision.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Amended Complaint and, therefore, deny the same.

**B. Defendants' Practice**

10. Notwithstanding the fact that it has had over three years to comply, Defendants continue to issue receipts at the point of sale transactions which contain more than 5 digits from the credit card or account number or the expiration date, in direct violation of the Receipt Provision.

**ANSWER:** Defendants deny the allegations contained in paragraph 10 of Plaintiff's Amended Complaint.

11. Notwithstanding the Receipt Provision, Defendants continue to deliberately, willfully, intentionally, recklessly and negligently violate FACTA by issuing receipts which do not comply with the FCRA.

**ANSWER:** Defendants deny the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

12. Defendants' practice not only violates the law, it exacts harm by exposing consumers' sensitive account information and subjecting each affected consumer to an ongoing and elevated risk of becoming the victim of identity theft.

**ANSWER:** Defendants deny the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.

**C. The Experience of The Representative Plaintiff**

13. On or about December 23, 2006, Plaintiff purchased goods from one of Defendants' retail stores. To pay for the goods, Plaintiff used his credit card. Following the transaction, Plaintiff received a receipt, which included the expiration date of his credit/debit card.

**ANSWER:** Defendants deny the last two sentences in paragraph 13 of Plaintiff's Amended Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of Plaintiff's Amended Complaint and, therefore, deny the same.

14. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Amended Complaint and, therefore, deny the same.

15. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**ANSWER:** Defendants deny the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

## IV. Class Action Allegations

16. Plaintiff brings this action individually and as a class action for Defendants' violation of section 1681c(g) of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All persons in the State of Rhode Island who, on or after December 4, 2006 and continuing through the resolution of this case, made a credit card or debit card purchase at any of Defendants' stores located in the State of Rhode Island and whose electronically printed receipt from Defendants contained more than the last five digits of the person's credit card or debit card number and/or printed the expiration date of the person's credit or debit card (the "Class").

**ANSWER:** Defendants deny the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, Plaintiff avers upon information and belief that the Class numbers in the hundreds if not thousands, as referenced above.

**ANSWER:** Defendants deny the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

18. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal question is whether the Defendants willfully violated section 1681c(g) of the FCRA by failing to provide consumers, who used their credit and debit cards in point of sale transaction(s) with Defendants, with electronically printed receipts that complied with the Receipt Provision.

**ANSWER:** Defendants deny the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

19. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

**ANSWER:** Defendants deny the allegations contained in paragraph 19 of Plaintiff's Amended Complaint.

20. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

**ANSWER:** Defendants deny the allegations contained in paragraph 20 of Plaintiff's Amended Complaint.

21. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

**ANSWER:** Defendants deny the allegations contained in paragraph 21 of Plaintiff's Amended Complaint.

22. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ANSWER:** Defendants deny the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

23. Whether Defendants failed to comply with the Receipt Provision as detailed by 15 U.S.C. § 1681c(g) can be easily determined by a review of Defendants' policies and a ministerial inspection of Defendants' business records.

**ANSWER:** Defendants deny the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

24. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small as the maximum statutory damages are limited to $1,000.00 under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendants' records.

**ANSWER:** Defendants deny the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

## V. Claims

### Count One - FCRA

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:** Defendants incorporate by reference their responses to paragraphs 1 through 24 of their Answer to Plaintiff's Amended Complaint.

26. Title 15 U.S.C. §1681c(g) states as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

This section applies to any "device that electronically prints receipts" (hereafter "Devices") for point of sale transactions. 15 U.S.C. §1681c(g)(3).

**ANSWER:** Defendants admit the allegations contained in the first sentence of paragraph 26 of Plaintiff's Amended Complaint. Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of Plaintiff's Amended Complaint and, therefore, deny the same.

27. Defendants employ the use of said Devices for point of sale transactions at its retail locations.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Amended Complaint and, therefore, deny the same.

28. On or before December 4, 2006, at the retail locations of Defendants, Plaintiff and members of the Class were provided receipt(s) by Defendants that failed to comply with the Receipt Provision.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Amended Complaint and, therefore, deny the same.

29. Defendants were aware, on or before December 4, 2006, of both the Receipt Provision as well as the need to comply with said provision.

**ANSWER:** Defendants deny the allegations contained in paragraph 29 of Plaintiff's Amended Complaint.

30. In anticipation of the December 4, 2006 deadline, many credit card companies, including but not limited to VISA and MasterCard, advised companies of the need for compliance with the Receipt Provision. Additionally, many credit card companies, such as VISA and MasterCard, implemented policies well in advance of the December 4, 2006 deadline, to ensure the compliance with the Receipt Provision, by themselves, as well as that of their customers.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Amended Complaint and, therefore, deny the same.

31. Also in anticipation of the December 4, 2006 deadline and the Receipt Provision, the majority of Defendants' peers and competitors took the necessary steps to bring their business practices in line with FACTA.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Amended Complaint and, therefore, deny the same.

32. Notwithstanding the three year cushion to prepare for FACTA and its accompanying provisions, including but not limited to the Receipt Provision; knowledge of the Receipt Provision and FACTA as a whole; the repeated reminders of FACTA and its accompanying provisions; and the actions of Defendants' peers and competitors, Defendants knowingly, willfully, intentionally, and recklessly violated and continue to violate the FCRA and the Receipt Provision. In turn, Plaintiff and members of the Class continue to be exposed to an elevated risk of identity theft.

**ANSWER:** Defendants deny the allegations contained in paragraph 32 of Plaintiff's Amended Complaint.

33. As a result of Defendants' willful violations of the FCRA, Defendants are liable to Plaintiff and members of the Class pursuant to 15 U.S.C. § 1681n.

**ANSWER:** Defendants deny the allegations contained in paragraph 33 of Plaintiff's Amended Complaint.

## VI. JURY TRIAL DEMAND

34. Plaintiff demands trial by jury as to all issues so triable.

**ANSWER:** Paragraph 34 of Plaintiff's Amended Complaint does not contain any allegations requiring admission or denial.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred to the extent that they fail to state a claim upon which relief can be granted.

2. Plaintiff's Amended Complaint fails to state a claim against Defendants upon which relief can be granted under 15 U.S.C. §§ 1681 *et seq.* because Defendants did not willfully fail to comply with any requirement of 15 U.S.C. §§ 1681 *et seq.*

3. Plaintiff is not entitled to recover punitive damages requested in the Amended Complaint because Defendants' actions were taken in good faith and were not malicious, egregious, in bad faith, or in willful or reckless indifference to any legal rights of Plaintiff.

4. Plaintiff's claim for punitive and statutory damages contravenes the rights of Defendants under each of the following constitutional provisions: the Due Process Clause and the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment of the United States Constitution; the Constitution of the State of Rhode Island and the constitutions of the other forty-nine states; and the laws, statutes, rules, and policies of those states given the circumstances of this litigation, including but not limited to:

(a) imposition of punitive and statutory damages by a jury which

(1) is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive or statutory damages award;

(2) is not adequately and clearly instructed on the limits on punitive or statutory damages imposed by the principles of deterrence and punishment;

(3) is not expressly prohibited from awarding punitive or statutory damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, or state of residence of Defendants;

(4) is permitted to award punitive or statutory damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive or statutory damages permissible; and

(5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b) imposition of such punitive or statutory damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c) imposition of such punitive or statutory damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive and statutory damages issues only if and after the liability of Defendants has been found on the merits

(d) imposition of such punitive or statutory damages, and determination of the amount of an award thereof, based on anything other than Defendants' conduct in connection with the sale of the products alleged in this litigation, or in any other way subjecting Defendants to impermissible multiple punishment for the same alleged wrong.

5. Plaintiff's causes of action are barred because he suffered no injury or damages as a result of the alleged conduct and does not have any right, standing, or competency to maintain claims for damages or other relief.

6. Plaintiff's claim for injunctive relief is barred because Plaintiff has an adequate remedy at law.

7. This action cannot be maintained as a class action because it does not meet the requirements to be certified as a valid class action.

8. Plaintiff's claims are not typical of the claims of other purposed class members. Further, Plaintiff is not an adequate representative of the purposed class.

9. Plaintiff's claims for damages are limited in whole or in part by statute.

10. Plaintiff is not entitled to attorneys' fees, costs, or expenses.

11. This Court does not have jurisdiction over Plaintiff's Amended Complaint under the doctrine of forum non conveniens, and Defendants are entitled to transfer venue to a court that will serve the convenience of the parties and witnesses and the interest of justice.

12. Defendants will rely upon proper defenses lawfully available that may be disclosed by evidence and reserve the right to amend this Answer And Affirmative Defenses To Plaintiff's First Amended Class Action Complaint to state such defenses.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendants Family Dollar Stores of Rhode Island, Inc., and Family Dollar Holdings, Inc., request that the Amended Complaint be dismissed with prejudice and that Defendants be awarded their costs, attorneys' fees and such other relief as may be just and proper.

Respectfully submitted,

FAMILY DOLLAR STORES OF
RHODE ISLAND, INC. and FAMILY DOLLAR
HOLDINGS, INC.
By their attorneys,

/s/ Todd M. Reed

Todd M. Reed, Esq. (#6602)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

Todd J. Kaiser, Esq.
John K. Henning, Esq.
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, Indiana 46204
Telephone: (317) 916-1300
Facsimile: (317) 916-9076

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2008, a copy of the foregoing *Answer And Affirmative Defenses To First Amended Class Action Complaint* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Peter N. Wasylyk
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, Rhode Island 02908
pnwlaw@aol.com

I hereby certify that on January 2, 2008, a copy of the foregoing *Answer And Affirmative Defenses To First Amended Class Action Complaint* was served by the United States first-class mail, postage prepaid on the following parties of record:

Marc R. Stanley
Roger L. Mandel
Martin Woodward
STANLEY, MANDEL & IOLA, LLP
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205

Michael D. Donovan
David A. Searles
DONOVAN SEARLES, LLC
1845 Walnut Street, Suite 1100
Philadelphia, Pennsylvania 19103

Andrew S. Kierstead
LAW OFFICE OF ANDREW KIERSTEAD
1001 SW 5th Avenue, Suite 1100
Portland, Oregon 97204

James A. Francis
FRANCIS & MAILMAN, P.C.
100 South Broad Street, 19th Floor
Philadelphia Pennsylvania 19110

/s/ Todd M. Reed